UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK L REESE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-843 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

In 2001, petitioner Roderick L. Reese was convicted of burglary of a habitation in the 177th District Court of Harris County, Texas. That court sentenced him to 20 years imprisonment. Reese was released to parole on October 6, 2009. On June 23, 2016, his parole was revoked.

Reese filed this petition for a writ of habeas corpus on March 9, 2017. Respondent moved for summary judgment on September 22, 2017. Reese did not respond to the motion. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Reese's petition should be dismissed.

**I.     Analysis**

Reese argues that he was denied due process because he was not permitted to present certain evidence at the revocation hearing, and that his rights were violated when the state habeas court denied him a rehearing. Respondent contends that the revocation hearing satisfied the requirements of due process, and that the denial of a rehearing does not state a cognizable claim for relief.

A.     **Opportunity to Present Evidence**

Reese complains that he was unable to subpoena dashcam video which he claims would have shown that he was not guilty of one of the offenses used as the basis for his revocation. *See* Reese's Memorandum of Law (Doc. # 2) at 2. The Supreme Court has made clear "that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). In the revocation context, due process requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489.

Reese does not deny that he received all of the protections cited in *Morrissey* except the right to present evidence concerning his arrest on one of the offenses supporting revocation. *See* Parole Record ("PR") (Doc. # 13) at 3-5. He claims that video would have shown that he was arrested in violation of his Fourth Amendment rights.

First, as noted above, *Morrissey* makes clear that Reese was not entitled to the full panoply of rights applicable to a criminal trial. He cites no case holding that a parolee is entitled to present all possible evidence at a revocation hearing. Assuming, however, that his inability to present the video violated due process, Reese is still not entitled to relief.

The Parole Record makes clear that the underlying charge was only one of several grounds for revocation. Reese's parole was revoked for his failure to attend a hearing on March

29, 2016, PR at 5, as well as three separate criminal offenses, *id.* at 4. Reese admitted to two of the offenses. *Id.* Moreover, Reese was convicted of at least two of the criminal charges alleged against him in the revocation proceeding. *Id.,* at 7, 9. Thus, even if the single offense relating to the dashcam video is disregarded, ample grounds existed to justify the revocation, and any error regarding the video was harmless.

B.  **Denial of Rehearing**

Reese next complains that he was denied a rehearing in his state habeas corpus action. A challenge to a State habeas corpus proceeding "is an attack on a proceeding collateral to the detention and not the detention itself." *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Therefore, "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Accordingly, this claim is not cognizable in a federal habeas corpus petition.

II.  **Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted, and Reese's petition is denied and is dismissed with prejudice.

III.  **Certificate of Appealability**

Reese has not requested a certificate of appealability ("COA"), but this Court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has

denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Reese's' petition and concludes that he fails to make a substantial showing of the denial of a constitutional right. The Court concludes that jurists of reason would not find this Court's ruling debatable. Therefore, Reese is not entitled to a certificate of appealability.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent Lorie Davis' motion for summary judgment (Doc. # 11) is GRANTED;

B. Petitioner Roderick L. Reese's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 13th day of June, 2018.

Kenneth M. Hoyt
United States District Judge